IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

G.R.,

     Plaintiff,

v.                                                                              Cause No._____

STEPHON LAABS, CAMILLE GONZALES,
MARY CADE, and ALBUQUERQUE PUBLIC
SCHOOLS,

     Defendants.

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1331, 1441, and 1446, Defendants Albuquerque Public Schools

("APS"), Camille Gonzales ("Gonzales") and Mary Cade ("Cade" and hereinafter collectively

"Defendants"), by and through counsel, Modrall, Sperling, Roehl, Harris & Sisk, P.A.  (Megan T.

Muirhead and Jennifer G. Anderson), hereby remove the above-captioned case from the Second

Judicial District Court for the State of New Mexico, Bernalillo, to the United States District Court

for the District of New Mexico.  The District Court has original jurisdiction over this action under

28 U.S.C. § 1331 (federal question) and 28 U.S.C. § 1367 (supplemental jurisdiction).  In support

thereof, Defendants state as follows:

### Grounds for Removal – Federal Question and Supplemental Jurisdiction

1. On January 12, 2022, Plaintiff commenced this action against Defendants by filing

a Complaint in the Second Judicial District Court, County of Bernalillo, New Mexico, Case

Number D-202-CV-2022-00221 (the "State Action").  Defendants were served on March 16, 2022.

2. True and correct copies of all pleadings and papers filed and served upon

Defendants in the State Action are attached hereto as Exhibit A.

3.      Under 28 U.S.C. § 1441, a defendant in state court may remove the case to federal court when a federal court would have had jurisdiction if the case had been filed there originally. *Topeka Hous. Auth. v. Johnson*, 404 F.3d 1245, 1247 (10th Cir. 2005).

4.      One category of cases over which federal district courts have original jurisdiction is "federal question" cases, meaning those cases "arising under the Constitution, laws, or treaties of the United States." *Metro. Life Ins. Co. v. Taylor*, 481 U.S. 58, 63 (1987) (quoting 28 U.S.C. § 1331).

5.      Federal question jurisdiction exists when "a well-pleaded complaint establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." *Franchise Tax Bd. v. Constr. Laborers Vacation Trust*, 463 U.S. 1, 27-28 (1983).

6.      Here, Plaintiff's Complaint alleges discrimination on the basis of sex and disability in violation of the Fourteenth Amendment and due process violations in violation of the Fourteenth Amendment and asserts the following claims:  Count I, Fourteenth Amendment Right to Bodily Integrity Against Defendant Laabs Pursuant to Section 1983; Count II, Fourteenth Amendment Right to Equal Protection Against Defendant Laabs Pursuant to Section 1983 (Discrimination on the Basis of Sex); Count III, Fourteenth Amendment Right to Equal Protection Against Defendant Laabs Pursuant to Section 1983 (Discrimination on the Basis of Disability); and, Count IV, Negligent Operation and Maintenance of a Building by APS, Camille Gonzales, and Mary Cade Under New Mexico Tort Law.  S*ee* Exhibit A, pp. 6-9, Pl.'s Compl., ¶¶ 47-76; *see Suaza v. Taos Living Center, LLC,* 2018 WL 4773405 (D.N.M. October 3, 2018) ("[A] plaintiff may raise a federal question claim when a right of action is implied from a statute, 'such as the right of private victims of discrimination to sue for violations of Title IX.'") *citing Cannon v. University of Chicago,* 441 U.S. 677, 688 (1979).

7.    Because Plaintiff asserts claims arising under federal law, this Court has original jurisdiction under 28 U.S.C. § 1331.  Defendants may remove this action pursuant to 28 U.S.C. § 1441(a) because it arises under federal law, presents a federal question, and is controlled by federal law.

8.    Plaintiff also alleges claims which appear to be asserted under New Mexico common law, i.e., Count IV, Negligent Operation and Maintenance of a Building by APS, Camille Gonzales, and Mary Cade Under New Mexico Tort Law.  *See* Exhibit A, p. 8, Pl.'s Compl., ¶¶ 69-76 (Fourth Cause of Action).  This Court has supplemental jurisdiction over any such state law claims pursuant to 28 U.S.C. § 1367(a).  Plaintiff's claims under New Mexico law are therefore properly removable under 28 U.S.C. § 1441(c).

9.    Pursuant to 28 U.S.C. § 1367(a), "in any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction under all claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution."  A federal court has supplemental jurisdiction over a state law claim where the relationship between the two claims "permits the conclusion that the entire action before the court comprises but one constitutional case."  *Bonadeo v. Lujan*, No. CIV-08-0812 JB/ACT, 2009 WL 1324119, *8 (D.N.M. Apr. 30, 2009) (Browning, J.); *quoting United Mine Workers of America v. Gibbs*, 383 U.S. 715, 725 (1966).  "The state and federal claims must derive from a common nucleus of operative fact."  *Id.* If a plaintiff's claims are so related that the court would normally expect to hear both claims in the same proceeding, then "there is power in federal courts to hear the whole."  *Id.*

10.    Here, Plaintiff's allegations under federal and state law are inextricably intertwined because they arise from the same series of transactions or occurrences; namely, the alleged sexual harassment and assault against Plaintiff GR by Defendant Laabs.    *See, e.g.*, Exhibit A, Pl.'s

Compl., ¶¶ 9-40.  Plaintiffs further claim that Defendant APS failed to adequately screen and supervise Defendant Laabs and that APS failed to adequately train other employees "to recognize and report signs of sexual abuse." *Id.*, ¶¶ 41-46.

11.     Because all of Plaintiff's claims arise from the alleged sexual harassment and assault, the federal and state claims "derive from a common nucleus of operative fact," and this Court may exercise supplemental jurisdiction over Plaintiff's state law claims.

12.     No responsive pleadings to the Complaint have been filed in the State Action.

13.     Venue is proper in this Court pursuant to 28 U.S.C. § 1441(a) because it is the District Court and division embracing the place where this action is pending.

### Timeliness of Removal

14. The Complaint was served on Defendants APS, Gonzales and Cade on March 16, 2022. Upon information and belief, the Complaint has not yet been served on Defendant Laabs.

15. This Notice is filed with the Court within thirty (30) days after the date of service of Plaintiff's Complaint.  Accordingly, removal of this action is timely pursuant to 28 U.S.C. § 1446(b) and *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344 (1999).

### Consent of All Parties

16.     Consent of all defendants who have been served is required to properly effectuate removal.  See 28 U.S.C. §1446(b)(2)(A) (providing that "all defendants who have been properly joined and served must join in or consent to the removal of the action").

17.     All the defendants who have been served to date have joined in the filing of this removal and, thus, consent to removal of this matter.[1]

---

[1] As of the date of filing, there is no return of service recorded for defendant Laab. *Branch v. Attorney for You*, 2016 WL 7437140, *2 (D.N.M.) (lack of filed return of service can be relied on for determining joinders necessary for proper removal to federal court).

4

**Notices**

22.     A copy of this Notice is being filed with the Clerk of the Second Judicial District Court, County of Bernalillo, New Mexico, and has been served on Plaintiff in accordance with 28 U.S.C. § 1446(d).

23.     Pursuant to D.N.M.LR-Civ. 81.1, to the extent not already provided via this Notice, Defendants will file with the Clerk of the United States District Court for the District of New Mexico legible copies of all records and proceedings from the State Action within twenty-eight (28) days after filing this Notice of Removal.

**Conclusion**

24.     Defendants have satisfied all requirements for removal and reserve the right to amend this Notice of Removal.  If any questions of the propriety of this removal should arise, Defendants request the opportunity to present a brief and argument in support of this removal.

WHEREFORE, Defendant Albuquerque Public Schools, Camille Gonzales and Mary Cade respectfully request that this Court assume full jurisdiction over the action as provided by law.

Respectfully Submitted,

**MODRALL SPERLING ROEHL HARRIS & SISK, P.A.**

By:     */s/ Jennifer G. Anderson*
        Jennifer G. Anderson
        Megan T. Muirhead
        500 Fourth Street NW, Suite 1000
        Albuquerque, NM 87102
        Tel: (505) 848-1800
        *jga@modrall.com*
        *mmuirhead@modrall.com*
        *Attorneys for Defendant Albuquerque Public Schools*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the 23rd day of March, 2022, I filed the foregoing electronically through the CM/ECF system, which caused the following parties or counsel to be served by electronic means, as more fully reflected on the notice of electronic filing and via email.

Laura Schauer Ives
Adam C. Flores
Ives & Flores, PA
925 Luna Circle NW
Albuquerque, NM 87102
Tel: (505) 364-3858
*laura@nmcivilrights.com*
*adam@nmcivilrights.com*
*Attorneys for Plaintiff*


MODRALL, SPERLING, ROEHL, HARRIS
    & SISK, P.A.


By:    */s/ Jennifer G. Anderson*
      Jennifer G. Anderson