IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

G.R.

    Plaintiff,

vs.                                                                                          Civ. No. 22-212 MIS/SCY

STEPHON LAABS, CAMILLE GONZALES,
MARY CADE, and ALBUQUERQUE PUBLIC
SCHOOLS,

    Defendants.

## ORDER GRANTING MOTION TO PROCEED UNDER PSEUDONYM

This matter comes before the Court on Plaintiff's Unopposed Motion to Proceed Under Pseudonym. Doc. 31. Plaintiff G.R. alleges that, when she was a minor, she was sexual abuse by an employee at her high school. She thus filed her complaint under the pseudonym G.R. Plaintiff is no longer a minor, but given the nature of claims, she wishes to continue to proceed under a pseudonym.

Proceeding anonymously is not contemplated by the Federal Rules of Civil Procedure. Rather, Rule 10(a) requires that the title of a complaint "name all the parties," and Rule 17(a) prescribes that "[a]n action must be prosecuted in the name of the real party in interest." Nonetheless, the Tenth Circuit has recognized there may be cases in which "exceptional circumstances" warrant permitting a party to proceed anonymously. *Femedeer v. Haun*, 227 F.3d 1244, 1246 (10th Cir. 2000) (quoting *M.M. v. Zavaras*, 139 F.3d 798, 800 (10th Cir. 1998)). Adopting the standard of the Eleventh Circuit, the Tenth Circuit ruled,

> Lawsuits are public events. A plaintiff should be permitted to proceed anonymously only in exceptional cases involving matters of a highly sensitive and personal nature, real danger of physical harm, or where the injury litigated against would be incurred as a result of the disclosure of the plaintiff's identity. The risk that a plaintiff may suffer some embarrassment is not enough.

*Femedeer*, 227 F.3d at 1246 (quoting *Doe v. Frank*, 951 F.2d 320, 324 (11th Cir. 1992)).

Whether a plaintiff may proceed anonymously is subject to the discretion of the trial court. *Zavaras*, 139 F.3d at 802. In exercising that discretion, the court must "weigh[] the plaintiff's claimed right to privacy against the countervailing public interest." *Id*. at 803. "A plaintiff should not be permitted to proceed under a pseudonym unless the need for anonymity outweighs the public interest in favor of openness." *Raiser v. Brigham Young Univ.*, 127 F. App'x 409, 411 (10th Cir. 2005).

In this case, the Court finds that G.R. has met her burden of showing that the need for anonymity outweighs the public interest in favor of openness. The Court finds that G.R.'s allegations of sexual abuse as a minor are of a "highly sensitive and personal nature." *Femedeer*, 227 F.3d at 1246. Judges in this Court have allowed cases involving claims of sexual abuse against minors to proceed anonymously, even where plaintiffs were no longer minors at the time of litigation. *See Doe v. Sisters of Saint Francis of Colo. Springs*, No. 20cv907 WJ-LF, Doc. 62 at 6 (D.N.M. Feb. 19, 2021) (allowing plaintiffs, now in their fifties and sixties, to proceed anonymously in case alleging childhood sexual abuse due to privacy interests and "highly sensitive" disclosures); *S.M. v. Bloomfield Sch. Dist.*, No. 16cv823 SCY-WPL, Doc. 43 at 8-9 (D.N.M. Dec. 1, 2016) (allowing plaintiff to proceed anonymously in case alleging abuse by her high school teacher, in part because allegations of sexual assault "touch upon highly sensitive matters" and because plaintiff was a minor at the time of incident). Similarly here, the Court finds that Plaintiff's allegations of sexual abuse as a minor and the "highly sensitive" nature of these allegations support a finding that Plaintiff's need for anonymity outweighs the public interest in favor of openness.

In addition, the Court notes that Defendants not oppose Plaintiff's request to proceed anonymously. The Court sees no prejudice to Defendants: Defendants know the identity of G.R.

and are not hampered in their efforts to investigate and defend against the allegations. *See Doe No. 2 v. Kolko,* 242 F.R.D. 193, 198 (E.D.N.Y. 2006) (finding no prejudice to the defendants where the defendants were provided the plaintiff's full name). The Court notes that hearings and filings (albeit sometimes slightly redacted) connected to this case will be open to the public, and the Court is unaware of any significant interest the public might have in G.R.'s identity in connection with this case.

For the reasons stated above, the Court **GRANTS** Plaintiff's Unopposed Motion to Proceed Under Pseudonym (Doc. 31). "If a court grants permission [to proceed anonymously], it is often with the requirement that the real names of the plaintiff[] be disclosed to the defense and the court but kept under seal thereafter." *W.N.J. v. Yocom*, 257 F.3d 1171, 1172 (10th Cir. 2001). The Court therefore orders Plaintiff to file, **no later than two weeks from the entry of this Order**, an unredacted complaint under seal that places on the record G.R.'s real name as the party in interest. In all other filings, G.R. may proceed using only initials.

IT IS SO ORDERED.

_____
Steven C. Yarbrough
United States Magistrate Judge